# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-0337V
Filed: July 13, 2015
Unpublished

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| JENNIFER CROSSING, | \* | |
| | \* | |
| Petitioner, | \* | Ruling on Entitlement; Concession; |
| | \* | Influenza ("flu") vaccine; Shoulder Injury |
| v. | \* | Related to Vaccine Administration |
| | \* | ("SIRVA"); Damages Decision Based |
| | \* | on Proffer; Special Processing Unit |
| SECRETARY OF HEALTH | \* | ("SPU") |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence Cohan, Anapol, Schwartz, et al., Philadelphia, PA*, for petitioner.
*Althea Davis, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION[1]

**Vowell**, Chief Special Master:

On April 1, 2015, Jennifer Crossing filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq*,[2] [the "Vaccine Act" or "Program"]. The petition alleges that as a result of an Influenza ("flu") vaccination on December 6, 2013, petitioner suffered a shoulder injury related to vaccine administration ("SIRVA"). The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

On July 13, 2015, respondent filed her Rule 4(c) report ["Res. Report"], in which she concedes that petitioner is entitled to compensation in this case. Res. Report at 4. Specifically, respondent "has concluded that petitioner's alleged injury is consistent with

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, it will be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2006).

[SIRVA], and that it was caused-in-fact by the flu vaccine she received on December 6, 2013." *Id*. Respondent stated that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the [Vaccine] Act." *Id*. at 5.

**In view of respondent's concession and the evidence before me, I find that petitioner is entitled to compensation.**

Additionally, respondent incorporated a proffer on award of compensation ("Proffer") into her Rule 4(c) report detailing compensation for all elements of compensation to which petitioner would be entitled under §15(a). According to respondent's Proffer, petitioner agrees to the proposed award of compensation.

Pursuant to the terms stated in the attached Proffer, **I award petitioner a lump sum payment of $100,000.00 in the form of a check payable to petitioner.**

This amount represents compensation for all damages that would be available under §15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

        **s/Denise K. Vowell**
        Denise K. Vowell
        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

| | |
|---|---|
| JENNIFER CROSSING, ) | |
| ) | |
| Petitioner, ) | No. 15-337V |
| ) | Chief Special Master |
| v. ) | Denise Vowell |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S RULE 4(c) REPORT AND PROFFER ON DAMAGES

On April 1, 2015, Jennifer Crossing ("petitioner") filed a petition for compensation ("Petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, as amended. Petitioner alleges that, as a result of receiving the influenza ("flu") vaccine on December 6, 2013, she suffered a shoulder injury that was caused-in-fact by her vaccination. Petition at 1, 2.

In accordance with the Rules of the United States Court of Federal Claims, Appendix B, Vaccine Rule 4(c), and the special master's June 12, 2015 Order, the Secretary of Health and Human Services ("respondent"), submits the following as her responsive report. The facts of this case, as reflected in the petition and accompanying documents, were reviewed by medical personnel of the Division of Injury Compensation Programs, Department of Health and Human Services ("DICP"). Their opinion is that this case is appropriate for compensation under the terms of the Act.

## **FACTS**

Petitioner was born on September 5, 1985. Pet. Ex. 2 at 230. At the time of vaccination, petitioner was married and a stay-at-home mother of two children. *Id*. at 230. Petitioner's medical history included food allergies and lower back pain from a fall in September 2012. *Id*. at 141, 230. Petitioner has received chiropractic care from September 2012 until the present time for persistent lower back pain and muscle spasms. *Id.* at 230.

On December 6, 2013, petitioner received a flu vaccination at her primary care physician's office. Pet. Ex. 1 at 26. Thirty-five days later, petitioner presented to Dr. Laura Dunne of OAA Orthopedic Specialists for an evaluation of left shoulder pain after receiving a flu shot. Pet. Ex. 2 at 358. Petitioner complained of sharp, tingling pain over the left deltoid and neck. *Id*. On exam, petitioner had pain over the posterior and lateral aspect of her shoulder with abduction and during various strength, compression, and, impingement tests. *Id.* An x-ray was normal and the impression was traumatic rotator cuff tendonitis from flu shot. *Id*. at 359. Dr. Dunne discussed administering a steroid injection, but instead deferred that treatment, prescribed meloxicam, and referred petitioner to physical therapy. *Id*.

During follow-up examinations on February 20 and March 20, 2014, petitioner showed some improvement on meloxicam and from regular physical therapy, but she continued to have left shoulder pain. Pet. Ex. 2 at 347-49, 338-40. During the second exam, Dr. Dunne expressed concern about an underlying partial tear or nerve injury and arranged for magnetic resonance imaging (MRI) of the left shoulder to assist with

determining a diagnosis, and considered the possibility of performing an electromyogram (EMG) at a later time. Pet. Ex. 2 at 339.

On March 31, 2014, petitioner returned to Dr. Dunne for ongoing shoulder pain and to review the results of her MRI. Pet. Ex. 2 at 329-35. The MRI showed edema within the lateral humeral head and neck, with some evidence of both supraspinatous tendinosis and subacromial bursitis. *Id*. at 91; Pet. Ex. 5. Dr. Dunne ordered additional lab tests and a bone density study and referred petitioner to orthopedist Robert Palumbo, M.D., for a second opinion. Pet. Ex. 2 at 329.

On April 10, 2014, petitioner presented to Dr. Palumbo for an evaluation, and she reported significant and immediate pain after receiving a flu vaccination. Pet. Ex. 2 at 7. Dr. Palumbo noted that the bone density study revealed osteopenia of the lumbar spine, and that the blood test results were normal. *Id*. The impression was "pain following a flu injection with edema within the humeral head possibly secondary to interosseous injection." *Id*. at 8. Petitioner reported less pain and better motion since treatment began, and Dr. Palumbo recommended that she continue physical therapy to strengthen her shoulder. *Id*. at 7-8.

On April 18, 2014, petitioner underwent an EMG of the left shoulder, which was normal with no evidence of cervical radiculopathy or brachial plexopathy. Pet. Ex. 2 at 99. Three days later, petitioner presented to Dr. Dunne for an evaluation. Dr. Dunne opined that petitioner's ongoing left shoulder pain "seems to stem from her immunization." Pet. Ex. 2 at 140. Petitioner was prescribed neurotonin for nerve pain, which proved to be ineffective, and was referred for acupuncture for arm pain and chiropractic treatment for low back pain. Pet. Ex. 2 at 138-40.

After two months of chiropractic treatment for back pain and several visits for acupuncture therapy for arm pain, petitioner returned to Dr. Dunne on June 30, 2014, with aggravated shoulder pain.  Pet. 2 at 56.  Dr. Dunne noted "[petitioner's] pain was primarily neurologic and has responded well to acupuncture."  *Id*.  Dr. Dunne recommended that petitioner continue acupuncture therapy.  *Id*.

On October 20, 2014, petitioner saw her new primary care physician, Vanessa Eiswerth, M.D., who noted that petitioner had over ten months of left arm pain since receiving a flu shot in December 2013, which was administered in the wrong location.  Pet. Ex. 4 at 4.  It was noted that petitioner wanted to resume physical therapy and was scheduled to follow-up with Dr. Dunne.  Pet. Ex. 4 at 6.

On October 29, 2014, petitioner presented to her chiropractor for increased lower back and left shoulder pain.   After being hit in the mid back, petitioner stated that she experienced "the left arm pain again that she had in the past."  Pet. Ex. 2 at 120.  During her treatment session, the chiropractor performed myofascial release to the left levator scapular and lower back regions.  *Id*. at 121.

## ANALYSIS

DICP has reviewed the petition and medical records filed in the case and has concluded that compensation is appropriate in this case.  DICP has concluded that petitioner's alleged injury is consistent with shoulder injury related to vaccine administration (SIRVA), and that it was caused in fact by the flu vaccine she received on December 6, 2013.  DICP did not identify any other causes for petitioner's SIRVA, and records show that she has suffered the sequela of her injury for more than six months.  Based on the medical records outlined above, petitioner has met the statutory

requirements for entitlement to compensation.  *See* 42 U.S.C. § 300aa-13(a)(1)(B); 42 U.S.C. § 300aa-11(c)(1)(D).  Therefore, based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act.

## PROFFER ON AWARD OF COMPENSATION

### I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded $100,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### II.    Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment of **$100,000.00** in the form of a check payable to petitioner.[1]  Petitioner agrees.

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

 

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, future pain and suffering, and future lost wages.

                                        LYNN E. RICCIARDELLA
                                        Senior Trial Attorney
                                        Torts Branch, Civil Division

                                        */s/Althea Walker Davis*
                                        ALTHEA WALKER DAVIS
                                        Senior Trial Counsel
                                        Torts Branch, Civil Division
                                        U. S. Department of Justice
                                        P.O. Box l46
                                        Benjamin Franklin Station
                                        Washington, D.C.  20044-0146
                                        Direct dial: (202) 616-0515
                                        Fax: (202) 616-4310

Dated: July 13, 2015